UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMIKA DURR ) | CASE NO. |
| 178 Penick Ave. ) | |
| Delaware, Ohio 43015 ) | JUDGE |
| ) | |
| On behalf of herself and all others ) | Magistrate Judge |
| similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LADY JANE'S HAIRCUTS FOR MEN ) | **PLAINTIFF'S CLASS AND** |
| HOLDING COMPANY, LLC ) | **COLLECTIVE ACTION** |
| Doing business as ) | **COMPLAINT UNDER THE FAIR** |
| Lady Jane's Haircuts for Men ) | **LABOR STANDARD ACT AND** |
| 1130 Henderson Road ) | **STATE LAW** |
| Columbus, OH, 43220 ) | |
| ) | |
| LADY JANE'S HAIRCUTS FOR MEN ) | |
| HOLDING COMPANY, LLC ) | |
| c/o its Statutory Agent ) | |
| Chad Johnson ) | |
| 5236 Monroe St. ) | |
| Toledo, OH 43623 ) | |
| ) | |
| —and— ) | |
| ) | |
| CHAD JOHNSON ) | |
| c/o Lady Jane's Haircuts for Men ) | |
| Holding Company, LLC ) | |
| c/o its Statutory Agent ) | |
| Chad Johnson ) | |
| 5236 Monroe St. ) | |
| Toledo, OH 43623 ) | |
| ) | |
| —and— ) | |
| ) | |
| JOHN DOE I ) | |
| (correct name unknown) ) | |
| c/o Lady Jane's Haircuts for Men ) | |

| | |
|---|---|
| Holding Company, LLC | ) |
| c/o its Statutory Agent | ) |
| Chad Johnson | ) |
| 5236 Monroe St. | ) |
| Toledo, OH 43623 | ) |
| | ) |
| —and— | ) |
| | ) |
| JOHN DOE II | ) |
| (correct name unknown) | ) |
| c/o Lady Jane's Haircuts for Men | ) |
| Holding Company, LLC | ) |
| c/o its Statutory Agent | ) |
| Chad Johnson | ) |
| 5236 Monroe St. | ) |
| Toledo, OH 43623 | ) |
| | ) |
| —and— | ) |
| | ) |
| JOHN DOE III | ) |
| (correct name unknown) | ) |
| c/o Lady Jane's Haircuts for Men | ) |
| Holding Company, LLC | ) |
| c/o its Statutory Agent | ) |
| Chad Johnson | ) |
| 5236 Monroe St. | ) |
| Toledo, OH 43623 | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Tamika Durr, through counsel, respectfully files this Class and Collective Action Complaint against Defendant Lady Jane's Haircuts for Men Holding Company, LLC, doing business as Lady Jane's Haircuts for Men Holding Company, LLC; Defendant Lady Jane's Haircuts for Men Holding Company, LLC; Defendant Chad Johnson, Defendant John Doe I, Defendant John Doe II, and Defendant John Doe III (sometimes collectively "Defendants").

2

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well Ohio Constitution art. II, § 34a, and the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWA and the Ohio overtime compensation statute (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7.      At all times relevant, Plaintiff Tamika Durr was a citizen of the United States and a resident of Delaware, Ohio, residing at 178 Penick Ave., Delaware, Ohio 43015.

8.      Defendant Lady Jane's Haircuts for Men Holding Company, LLC ("Lady Jane's") is a Michigan corporation doing business as "Lady Jane's Haircuts for Men" throughout the United States and its territories.  Lady Jane's does business at multiple location in Columbus, Ohio and throughout the state, including at 1130 Henderson Road, Columbus, OH, 43220.  According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Chad Johnson, 5236 Monroe St., Toledo, OH 43623.

9.      At all times relevant, Defendant Chad Johnson was the owner, operator, and principal manager of Lady Jane's.

10.     Defendants John Doe I, John Doe II, and John Doe II, whose correct names are currently unknown, are other persons or entities who were employers of Plaintiff within the meaning of the FLSA and state law.

## FACTUAL ALLEGATIONS

### Defendants' Business

4

11.     Defendant Lady Jane's owns and operates retail shops throughout the United States and its territories that sell haircuts and grooming products for men.

12.     Lady Jane's utilizes employees, whom it calls "stylists," to give the haircuts and sell the grooming products at the shops.  Lady Jane's supplies all products sold in the shops, through vendors with which it has contractual relationships.

13.     Lady Jane's manages the shops through district and in-store managers who supervise the stylists and the sales.

### Lady Jane's' Employment of Plaintiff and Other Stylists

14.     Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class were unlawfully classified by Defendants as "independent contractors," but were in fact non-exempt employees of Lady Jane's.

15.     Plaintiff Tamika Durr worked as a stylist at the Lady Jane's shop on Henderson Road in Columbus from June to December 2016 and again from June 2017 to the present.

16.     Lady Jane's was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

17.     Defendant Chad Johnson was an "employer" pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Lady Jane's, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.  As the owner, operator, and principal manager of Lady Jane's, Defendant Johnson had operational control over significant

5

aspects of the company's operations and day-to-day functions, including compensation of employees. Defendant Johnson instituted or knowingly ratified the company's unlawful practice of treating employee-stylists as "independent contractors" in an attempt to avoid paying them as prescribed by the FLSA and state law.

18. At all times relevant, Lady Jane's was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## Defendants' Misclassification of Employees

19. Defendant Lady Jane's, in violation of law, misclassified its "stylists" as so-called "independent contractors."

20. In fact, Lady Jane's' stylists were employees of Lady Jane's according to the standards applicable under the FLSA and Ohio law.

21. Lady Jane's trains its stylists. Lady Jane's required Plaintiff to complete a training period of approximately three weeks at a Lady Jane's shop, during with she received little or no pay.

22. Lady's Jane's controlled the stylists' days and hours and required them to be in the shops during their scheduled periods. Lady Jane's required Plaintiff and other stylists to work at the shops from 8:45AM to 8PM on Fridays and from 9:45AM to 8PM on other days. Plaintiff regularly worked over 40 hours per workweek, and worked 50 hours or more on some workweeks.

23. Lady Jane's directs and controls the stylists' work through instructions given to them by email and through district and in-store managers, as well as through

6

posted manual-labor assignments. The stylists are required to answer phones and perform daily cleaning work assigned them by Lady Jane's. Stylists are assigned "laundry" work which they must complete before they are permitted to service customers. In addition, Lady Jane's assigns weekly "deep-cleaning" work to the stylists, which includes mopping of floors and washing of walls and baseboard.

24. Lady Jane's controls the services stylist may provide to customers and the prices charged for such services. Lady Jane's posts lists of services and prices on the shops' walls, and the stylists are required to adhere to the posted lists.

25. Lady Jane's controls the products stylists sell and the prices at which they must sell them. Lady Jane's supplies all products sold in the shops, through vendors with which it has contractual relationships. Stylists are required to sell those products exclusively, at prices determined by Lady Jane's.

26. Through its district and in-store managers and by other means, Lady Jane's controls the nature and frequency of the services stylists perform and the sales they make. Lady Jane's establishes and disseminates standards, averages, and quotas that stylists must meet on a daily and weekly basis. Managers observe and correct the stylists in the course of their work, monitor their compliance with the established standards, averages, and quotas, and admonish and discipline them for non-compliance.

27. Lady Jane's controlled the compensation stylists earned for the work. Lady Janes dictated the services stylists could provide to customers and the compensation it paid to the stylists for such services.

28. As a matter of economic reality, the stylists were economically dependent on Lady Jane's.

29. The stylists performed work that was integral to Lady Jane's' primary business.

30. Lady Jane's controlled the work its stylists performed and the manner in which they performed it.

31. The stylists worked for Lady Jane's in comparatively low-paying jobs, and typically held their positions with Lady Jane's for long periods of time.

32. Lady Jane's' investments and expenditures substantially outweighed any expenditures required on the part of the stylists.

33. Any opportunities the stylists had to earn remuneration were unilaterally determined and controlled by Lady Jane's.

34. Lady Jane's determined the work its stylists performed and the hours during which they performed that work.

35. The stylists were under the direct supervision and control of Lady Jane's' managers and supervisors.

36. Lady Jane's unilaterally determined the amounts its stylists were paid.

37. The stylists' work for Lady Jane's regularly consumed the normal workweek of full-time employees.

**Lady Jane's' Failure to Pay Minimum Wages
and Overtime Compensation**

38. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked more than forty hours in a single workweek.

39. The FLSA required Lady Jane's to pay the stylists at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

40. However, Lady Jane's, having unlawfully misclassified Plaintiff, the Potential Opt-Ins, and the Ohio Class Members as "independent contractors," failed to pay them minimum wages and overtime compensation.

41. Department of Labor regulations provide that "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'"  29 C.F.R. § 531.35.  The FLSA's minimum wage requirements are not met "where the employee 'kicks-back' directly or indirectly" all or part of the employer's wage payment.  *Id*.  An FLSA violation occurs "in any workweek when the cost of [tools of the trade] purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act."  *Id*.

42. Defendant Lady Jane's failed to pay at least the minimum wage to Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.  Lady Jane's paid them low rates of compensation, and then deducted charges and expenses that Lady Jane's required the stylists to incur.  In some workweeks, the amounts paid to the stylists

"finally and unconditionally or 'free and clear'" did not equal or exceed the minimum wage.

43.     Lady Jane's failed to pay overtime compensation at one and one-half times the employees' "regular rate" for all hours worked in excess of forty hours in a workweek.

44.     Lady Jane's knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class were entitled to minimum wages and overtime compensation pay under federal and state law, or acted in reckless disregard for whether they were so entitled.

### The Willfulness of Defendants' Violations

45.     Lady Jane's knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class were entitled to minimum wages and overtime compensation pay under federal and state law, or acted in reckless disregard for whether they were so entitled.

46.     Defendants intentionally and willfully circumvented the requirements of the FLSA and state law.  Defendants designed their "independent contractor" pay structure in an attempt to circumvent those requirements.

47.     Defendant deliberately concealed their unlawful wage-and-hour practices from scrutiny by governmental agencies.  In advance of an inspection by the United States Department of Labor, Lady Jane's removed its schedules, price lists, and other postings from shop walls and coached employees on how they must respond to questions.  Defendants did so in a planned effort to mislead DOL investigators and avoid liability for unlawful wage-and-hour practices.

### COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

50.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant Lady Jane's' FLSA violations consist of:

> All stylists who worked at Lady Jane's Haircuts for Men as "independent contractors" during the period three years preceding the commencement of this action to the present.

51.     Such persons are "similarly situated" with respect to Lady Jane's' FLSA violations in that all were misclassified by Lady Jane's as so-called "independent contractors," all were subjected to and injured by Lady Jane's' unlawful practice of failing to pay minimum wages and overtime compensation to its stylists, and all have the same claims against Lady Jane's for unpaid minimum wages and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

52.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

53.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of several thousand persons.

Such persons are readily identifiable through the records Lady Jane's has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of two classes of persons defined herein.

56. Plaintiff bring this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All stylists who worked at Lady Jane's Haircuts for Men as "independent contractors" in Ohio during the period two years preceding the commencement of this action to the present.

57. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of hundreds of persons. The number of Class Members as well as their identities are ascertainable from records Lady Jane's has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

58. There are questions of law or fact common to the Ohio Class, including but not limited to:

> a) Whether Lady Jane's misclassified its stylists as "independent contractors," when they in fact were non-exempt employees of Lady Jane's.

      b) Whether Lady Jane's paid Plaintiff and other Class Members at least the minimum wage;

      c) Whether Lady Jane's paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.

59. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff' claims arise out of the same uniform course of conduct by Lady Jane's, and are based on the same legal theories, as the claims of other Class Members.

60. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

61. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Lady Jane's' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

62. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense,

and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Minimum Wage and Overtime Violations)**

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. Plaintiff brings this claim for violation of the FLSA's minimum wage overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) will be filed with the Court.

65. The FLSA required Lady Jane's to pay its stylists at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

66. Lady Jane's failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins, in violation of the FLSA.

67. As more fully described above, Lady Jane's, in violation of law, misclassified its stylists as so-called "independent contractors," when in fact they were employees of Lady Jane's according to the standards applicable under the FLSA.

68. By engaging in these practices, Lady Jane's willfully violated the FLSA and regulations thereunder that have the force and effect of law.

69. As a result of Lady Jane's' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid minimum wages and overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Minimum Wage Violations)

70. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71. Plaintiff brings this claim for violation of Ohio Constitution art. II, § 34a, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

72. Ohio Constitution art. II, § 34a, required Lady Jane's to pay its stylists at least the minimum wage.

73. Lady Jane's failed to pay minimum wages to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members, in violation of Ohio Constitution art. II, § 34a. Ohio Constitution art. II, § 34a entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## COUNT THREE
### (Ohio Overtime Violations)

74. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

75. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

76. At all times relevant, Lady Jane's was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

77. Lady Jane's violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its stylists when due.

78. Lady Jane's' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

79. Ohio Rev. Code Ann. § 4111.10(A) provides that Lady Jane's, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT FOUR
### (Ohio Record-Keeping Violations)

80. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

81. The OMFWA required Lady Jane's to maintain accurate and complete records of employees' time.  Ohio Const. art. II, § 34a.

82. Lady Jane's violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of its stylists' time.

83.     As a result of Lady Jane's' record-keeping violations, Plaintiff, the potential Opt-Ins in Ohio, and the Ohio Class Members were injured in that Lady Jane's does not have accurate and complete records of their working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Ryan A. Winters
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott, II (0090455)
Scott & Winters Law Firm, LLC
The Caxton Building
812 E. Huron Rd., Suite 490
Cleveland, OH  44114
440-498-9100
jscott@ohiowagealawyers.com

rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Ryan A. Winters
Ryan A. Winters (0086917)